UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CARLOS VEGA,                                                :
                        Plaintiff,                          : 10 Civ. 6131 (DAB) (GWG)
                                                            :
        -v.-                                                : REPORT AND RECOMMENDATION
                                                            :
CAPTAIN WESTERN; CORRECTION OFFICER :
JANE DOE (11:00 PM TO 7:00 AM) SHIFT,                       :
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

        Plaintiff Carlos Vega, proceeding pro se, has brought this suit pursuant to 42 U.S.C.

§ 1983 against Captain Irshaad Weston[1] alleging violations of his Eighth Amendment and

Fourteenth Amendment rights.  Weston has moved for summary judgment pursuant to Federal

Rule of Civil Procedure 56.  For the reasons discussed below, Weston's motion should be

granted.

I.      BACKGROUND

        A.      Facts

        Except where otherwise noted, the following facts are undisputed:

        At the time of the events in question, Vega was incarcerated by the New York City

Department of Correction  ("DOC") at the Manhattan Detention Complex.  Addendum to Notice

of Claim (annexed to Complaint ("Compl."), filed Aug. 17, 2010 (Docket #2)) ("Pl. Stat. of

Facts") at 1.  On May 7, 2009, Vega was brought to intake so that he could be transported to

court for a hearing.  Id.  Upon arriving at intake, he was told he could not go to court in the

---

        [1] Plaintiff's complaint incorrectly refers to Irshaad Weston as "Captain Western," as do
some other portions of the record.

slippers he was wearing, which he had purchased in the commissary, but would instead have to put on DOC-issued shoes to go to court.  Deposition of Carlos Vega, dated Mar. 21, 2011 ("Vega Dep.") (annexed as Ex. D to Declaration of Jaime B. Orloff, filed May 27, 2011 (Docket #13) ("Orloff Decl.")) at 18.  Weston told Vega that if he did not wear the shoes, he would not be allowed to go to court.  Id. at 19–20.

Shortly thereafter, an unidentified female officer – referred to in the Complaint as "Jane Doe" – told Vega that he would be allowed to go to court in his slippers, but he would have to go as a "Red ID."  Id. at 28–29.  When a prisoner is listed as Red ID, he must wear more restrictive restraints for court appearances.  Id. at 14.  The female officer said that Vega was Red ID because someone had written that notation on his card.  Id. at 29.  Vega protested that he was not actually Red ID because normally the entire intake card is red for Red ID prisoners and his card only had a handwritten notation.  Id. at 29–31.  Vega was never given notice or granted a hearing in connection with his Red ID status.  Pl. Stat. of Facts at 1.

On June 4, 2009 Vega was told by an unidentified male corrections officer that he had to go to court in enhanced restraints because his intake ID marked him as a Red ID.  Defendant's Local Civil Rule 56.1 Statement of Material Facts, filed May 27, 2011 (Docket #14) ("Def. 56.1 Stat.") ¶ 21.  On July 21, 2009, Vega was again told by an unidentified corrections officer that he would have to go to court in the Red ID restraints.  Id. ¶ 22.

B.    Procedural History

On August 17, 2010, Vega filed a complaint pursuant to 42 U.S.C. § 1983 naming Weston and "corrections officer Jane Doe (11:00 pm to 7:00 am shift)" as defendants.  See

Compl.[2]  Weston filed the instant motion for summary judgment on May 27, 2011.[3]

II.     LAW GOVERNING SUMMARY JUDGMENT MOTIONS

Rule 56(a) of the Federal Rules of Civil Procedure states that summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be believed" and the court must draw "all justifiable inferences" in favor of the nonmoving party.  Id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)).  Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial,'" Matsushita Elec.

_____

[2]  In response to a discovery request by Vega, Discovery Request, dated Jan. 12, 2011 (annexed as Ex. B to Declaration of Jaime B. Orloff in Further Support of Defendant's Motion for Summary Judgment, filed July 15, 2011 (Docket #16) ("Orloff Reply Decl.")), Weston's attorney provided the names of all DOC personnel who were working at intake on May 7, 2009 for the 11:00 pm to 7:31 am shift.  See Defendant Weston's Responses and Objections to Plaintiff's Demand for Documents, dated Feb. 18, 2011 (annexed as Ex. C to Orloff Decl.) at 4. Vega did not amend the complaint to name any new defendants, however, and thus Weston remains the only named defendant in this action.

[3]  See Notice of Motion, filed May 27, 2011 (Docket #11); Defendant's Memorandum of Law in Support of its Motion for Summary Judgment, filed May 27, 2011 (Docket #12); Def. 56.1 Stat.; Orloff Decl.; Notice to Pro Se Litigant, filed May 27, 2011 (Docket #15); Affirmation in Opposition to Motion, filed Sept. 21, 2011 (Docket #19); Plaintiff's Response to Defendant's Local Civil Rule 56.1 Statement of Material Facts, filed Sept. 21, 2011 (Docket #20) ("Pl. 56.1 Stat."); Orloff Reply Decl.; Defendant's Reply Memorandum of Law in Further Support of its Motion for Summary Judgment, filed July 15, 2011 (Docket #17).

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (citation omitted) (emphasis in original), and "may not rely on conclusory allegations or unsubstantiated speculation," Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (citations omitted). In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." Anderson, 477 U.S. at 256. Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to 'make a showing sufficient to establish the existence of an element essential to [its] case.'" Nebraska v. Wyoming, 507 U.S. 584, 590 (1993) (quoting Celotex, 477 U.S. at 322) (brackets in original). Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996) (citing Anderson, 477 U.S. at 247–48).

Additionally, where a plaintiff is proceeding pro se, the court construes the plaintiff's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Nonetheless, a pro se non-movant must produce specific facts to rebut the movant's showing and to establish that there are material issues of fact requiring a trial. See, e.g., Bennett v. James, 737 F. Supp. 2d 219, 226 (S.D.N.Y. 2010)

III.   DISCUSSION

To state a claim under § 1983, the plaintiff must show that he was denied a constitutional or federal statutory right and that the deprivation of such right occurred under color of state law. See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 does not grant any substantive rights but rather "provides only a procedure for redress for the deprivation of rights

4

established elsewhere," such as in the Constitution or federal statutes.  See Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted), cert. denied, 512 U.S. 1240 (1994)

The Second Circuit has held that the Due Process Clause requires the DOC to provide inmates labeled as Red ID with a "subsequent review of the justification for imposing" the extra restraints that accompany Red ID status.  See Benjamin v. Fraser, 264 F.3d 175, 190 (2d Cir. 2001).  As a result of this ruling, the DOC adopted a directive that inmates must be served with notice within 72 hours of being placed on "Red ID" status and granted a hearing on that status. See Williams v. New York City, 2005 WL 1084585, at *1 (S.D.N.Y. July 15, 2005). Additionally, inmates labeled as Red ID must have a monthly medical review to determine whether there are restrictions on how they can be restrained.  Id.  Construing Vega's papers liberally, it appears that his claim is that he was forced to wear the Red ID restraints yet was not afforded a hearing.    Pl. Stat. of Facts at 1.[4]

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (internal quotation marks and citation omitted). Personal liability under § 1983 cannot be imposed upon a state official based on a theory of respondeat superior.  See, e.g., Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) ("supervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior"), cert. denied, 543 U.S. 1093 (2005); accord Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002); Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996).  A

---

[4]  Vega also complains that on May 7, 2009, Weston told Vega he could not go to court unless he changed his shoes.  Vega Dep. at 20.  But Vega points to no constitutional deprivation resulting from this directive inasmuch as Vega in fact went to court on the day in question.  Def. 56.1 Stat. ¶¶ 15, 18, 20.

claim against an official in his individual capacity under § 1983 will fail if the plaintiff fails to

establish the personal involvement of the defendant.  See Koehl v. Dalsheim, 85 F.3d 86, 89 (2d

Cir. 1996) (citing Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989)).

> According to the Second Circuit, personal involvement can be shown by
>
> evidence that: (1) the defendant participated directly in the alleged constitutional
> violation, (2) the defendant, after being informed of the violation through a report
> or appeal, failed to remedy the wrong, (3) the defendant created a policy or
> custom under which unconstitutional practices occurred, or allowed the
> continuance of such a policy or custom, (4) the defendant was grossly negligent in
> supervising subordinates who committed the wrongful acts, or (5) the defendant
> exhibited deliberate indifference . . . by failing to act on information indicating
> that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995); accord Back v. Hastings on Hudson Union

Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004).  More recently, the Supreme Court held in

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), that "[b]ecause vicarious liability is inapplicable to

. . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the

official's own individual actions, has violated the Constitution."  Id. at 1948.  Iqbal held that

"[a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only

liable for his or her own misconduct."  Id. at 1949. [5]

---

[5] Iqbal rejected the argument that, "a supervisor's mere knowledge of his subordinate's
discriminatory purpose amounts to the supervisor's violating the Constitution."  Id. at 1949.
This holding has caused some courts to question whether all five of the personal involvement
categories mentioned in Colon survive that decision.  See generally D'Olimpio v. Crisafi, 718 F.
Supp. 2d 340, 347 (S.D.N.Y. 2010) (citing cases and concluding that the five categories were not
necessarily preempted by Iqbal).  Thus, "[s]ome district court judges . . . have observed that
Iqbal has narrowed the grounds upon which supervisors may be held liable" and have held that
only the first and third Colon categories survive Iqbal.  Rahman v. Fischer, 2010 WL 1063835,
at *4 (S.D.N.Y. Mar. 22, 2010) (citing Spear v. Hugles, 2009 WL 2176725, at *2 (S.D.N.Y. July
20, 2009); Young v. N.Y. Office of Mental Retardation & Dev. Disabilities, 649 F. Supp. 2d
282, 293–94 (S.D.N.Y. 2009)) (other citations omitted).  Others have continued to apply the five
Colon categories without limitation, see Pierce v. N.Y. State Police, 2011 WL 1315485, at *13
n.11 (N.D.N.Y. Apr. 4, 2011); Germano v. Dzurenda, 2011 WL 1214435, at *13 n.3 (D. Conn.

Here, while Vega named Weston as a defendant in the complaint, Weston's name does not appear anywhere in the description of the incident that Vega attached to his initial complaint. See Pl. Stat. of Facts. In the current motion, Vega attempts to connect Weston to the decision to treat him as Red ID in two ways.

First, Vega has filed a response to the defendant's statement under Local Civil Rule 56.1 in which Vega asserts that Weston ordered Correction Officer Jane Doe to take Vega to court as a Red ID. Pl. 56.1 Stat. ¶¶ 18, 21. Putting aside the fact that Vega's 56.1 statement is not sworn and is thus inadmissible, this assertion does not explain how Vega has any personal knowledge that Weston gave such an order and thus it carries no weight. See Fed. R. Civ. P. 56(c)(4) (requiring that an affidavit supporting a summary judgment motion be based on "personal knowledge" and "show that the affiant or declarant is competent to testify on the matters stated"). While Vega asserts that "C.O. Jane Doe consulted with [Weston]" before "deliver[ing] [the] orders she received from" him, Pl. 56.1 Stat. ¶ 18; accord id. ¶ 21, Vega does not say how he knows this. To the extent he means to contend that he personally observed Weston giving Jane Doe any order, this statement contradicts testimony Vega gave during his deposition and

---

Mar. 28, 2011); Rahman, 2010 WL 1063835, at *5 (assuming that "all five categories described in Colon remain appropriate grounds for imposing liability on supervisors when there are sufficient allegations that the supervisors' conduct proximately caused the violation of rights").

This Court agrees with those courts that have concluded that Iqbal must be viewed in light of the fact that it was dealing with an intentional discrimination claim, and that Iqbal was rejecting an argument that the supervisor's mere knowledge of the subordinate's intent is tantamount to proof that the supervisor himself committed a discriminatory act. Delgado v. Bezio, 2011 WL 1842294, at *9 (S.D.N.Y. May 9, 2011); accord Sash v. United States, 674 F. Supp. 2d 531, 544. (S.D.N.Y. 2009). Thus, "where the claim does not require a showing of discriminatory intent, the Colon analysis should still apply, insofar as it is 'consistent with the particular constitutional provision alleged to have been violated.'" Delgado, 2011 WL 1842294, at *9 (quoting Qasem v. Toro, 737 F. Supp. 2d 147, 151–52 (S.D.N.Y. 2010)).

therefore cannot be considered.  See, e.g., Mack v. United States, 814 F.2d 120, 124 (2d Cir. 1987) ("It is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment.") (citations omitted); accord Trans-Marine Corp. v. Start Trading & Marine, Inc., 925 F.2d 566, 572 (2d Cir. 1991).  During his deposition Vega stated that Weston told him that he could not go to court unless he changed his footwear, and that Weston then left.  Vega Dep. at 28.  Moreover, Vega says that he was told by the Jane Doe officer that the computer said Vega was Red ID, id. at 29, not that Weston did so.  In other words, there is no competent evidence that Weston personally ordered Jane Doe to treat Vega as Red ID.  In any case, even if there were such evidence it would not show that Weston violated Vega's constitutional rights given that the obligation to hold a hearing arises only after an inmate is identified as Red ID.  Benjamin, 264 F.3d at 190. Weston, however, is alleged to have been involved only in the May 7, 2009, incident, which is the first time Vega was treated as a Red ID.  See Pl. 56.1 Stat.¶¶ 21–22.

Second, Vega offers a more general claim that some captain must have been involved in the decision to label him as Red ID because captains were required to be "consulted in regards to every care, custody and control pertaining to Closed Custody detainees."  See Pl. 56.1 Stat. ¶ 12. But this is insufficient to show liability on the part of Weston himself.  Vega provides no evidence of Weston's personal involvement under any of the categories identified in Colon, 58 F.3d 865 at 873.

Because Vega has failed to provide any admissible evidence that Weston personally violated his constitutional rights, he has failed to offer "concrete evidence from which a reasonable juror could return a verdict in his favor."  Anderson, 477 U.S. at 256.

Copies sent to:

Carlos Vega
241-07-14961
GRVC
09-09 Hazen Street
East Elmhurst, NY 11370

Jaime B. Orloff
Office of the Corporation Counsel
100 Church Street
New York, NY 10007

IV.   CONCLUSION

For the foregoing reasons, the motion for summary judgment (Docket #11) should be granted in favor of Weston.

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Deborah A. Batts, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Batts. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: October 6, 2011

New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

9